# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST R. WHOLAVER, JR.,** | : | **CIVIL ACTION NO: 1:11-CV-00164** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **JOHN E. WETZEL,** Secretary-designee, Pennsylvania Department of Corrections; **LOUIS B. FOLINO,** Superintendent of the State Correctional Institution at Greene; and **MARIROSA LAMAS,** Superintendent of the State Correctional Institution at Rockview, | : | **THIS IS A CAPITAL CASE** |
| **Respondents** | : | |

## ORDER

AND NOW, this 10th day of February, 2011, upon consideration of the motion for leave to proceed *in forma pauperis* (Docs. 1,2 ), in which petitioner avers that he is indigent and under a sentence of death, see 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement . . . of any [action] . . . without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees . . . ."); requests appointment of counsel, see 18 U.S.C. § 3599(a)(2) ("In any [proceeding] . . . seeking to vacate or set aside a death sentence, any defendant who is . . . financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys . . . ."); see also id. § 3599(a)(2)(c) ("If the appointment [of counsel] is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases."), and a stay of proceedings such that counsel may adequately prepare a petition for writ of habeas corpus, see

28 U.S.C. § 2251 ("[A] judge of the United States before whom a habeas corpus proceeding is pending may . . . stay any proceeding against the person detained . . . under the authority of any State for any matter involved in the habeas corpus proceeding."); see also McFarland v. Scott, 512 U.S. 849, 858 (1994) ("[T]he right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims . . . [and] approving the execution of a defendant before his petition is decided on the merits would clearly be improper."); it is hereby ORDERED that:

1. The motion for leave to proceed *in forma pauperis* (Docs. 1, 2) is GRANTED. See 28 U.S.C. § 1915(a)(1).

2. The Capital Habeas Unit of the Federal Community Defender office for the Eastern District of Pennsylvania is APPOINTED to represent petitioner Ernest R. Wholaver, Jr. in the captioned action. See 18 U.S.C. § 3599(a)(2); see also id. § 3599(a)(2)(c).

3. Any state proceedings for the execution of petitioner Ernest R. Wholaver, Jr. are STAYED pending disposition of the anticipated petition for writ of habeas corpus, or until further order of this court. See 28 U.S.C. § 2251.

It is further ORDERED that the parties shall comply with the following schedule for the remainder of this proceeding:

## FILING OF THE PETITION

1. Habeas Corpus Petition. Petitioner shall file his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on or before **October 4, 2011**. Petitioner shall file a supporting memorandum of law no later than sixty (60) days after the date of the filing of the petition. A courtesy copy shall be submitted to the court. Each claim for relief must be numbered separately and must include the following information:

   a) The specific provision(s) of the United States Constitution upon which petitioner relies as a basis for relief;

   b) Whether the claim has been exhausted in the state courts, with specific citation to the state court record;

   c) Whether the claim is procedurally defaulted;

   d) Whether petitioner seeks an evidentiary hearing regarding the claim and, if so, whether such a hearing is permitted under 28

U.S.C. § 2254(e)(2);

e) Whether federal review of the claim is governed by the standard of review in 28 U.S.C. § 2254(d);

f) Whether federal review of the claim is barred under the decision of the United States Supreme Court in Teague v. Lane, 489 U.S. 288 (1989); and

g) A discussion of the merits of the claim.

2. Answer/Response. Respondents shall file an answer/response to the petition and memorandum of law within sixty (60) days of service of petitioner's supporting memorandum of law, which shall respond to each claim for relief, using the same claim number and in the same order as each claim raised by petitioner. A courtesy copy shall be submitted to the court. The answer/response shall include the following information:

a) Whether the claim has been exhausted in the state courts;

b) Whether the claim is procedurally defaulted;

c) Whether the claim is barred by the statute of limitations under 28 U.S.C. § 2244(d);

d) If petitioner seeks an evidentiary hearing, whether such a hearing is barred under 28 U.S.C. § 2254(e)(2);

e) Whether federal review of the claim is governed by the standard of review in 28 U.S.C. § 2254(d);

f) Whether federal review of the claim is barred under the decision of the United States Supreme Court in Teague v. Lane, 489 U.S. 288 (1989); and

g) A discussion of the merits of the claim.

3. Reply. Petitioner may file a reply within twenty-one (21) days of service of respondents' response to the petition. A courtesy copy shall be submitted to the court. The reply should be limited to those issues not previously addressed in the original petition and memorandum of law.

## STATUS CONFERENCE

4. Status Conference. At the court's discretion, or upon request of the parties, the court will hold a status conference. At the conference the parties shall be prepared to discuss the status of any pending state court proceedings and other preliminary matters such as potential motions for dismissal and/or stay and abeyance.

## OTHER MATTERS

5. <u>Extensions</u>.  Extensions to the dates set forth in this scheduling order will not be granted, except for good cause shown by the requesting party.  Any request for an extension shall be set forth in writing and accompanied by a proposed order.

6. <u>Rules Governing Proceedings</u>.  In addition to the requirements set forth in this scheduling order, this proceeding will be governed by 28 U.S.C. § 2254, the Rules Governing Habeas Corpus Cases Under 2254, and the Local Rules of the Middle District of Pennsylvania.


       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge