# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST R. WHOLAVER, JR.,** | : | **CIVIL ACTION NO: 1:11-CV-00164** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **JOHN E. WETZEL**, Secretary-designee, Pennsylvania Department of Corrections; **LOUIS B. FOLINO**, Superintendent of the State Correctional Institution at Greene; and **MARIROSA LAMAS**, Superintendent of the State Correctional Institution at Rockview, | : | **THIS IS A CAPITAL CASE** |
| **Respondents** | : | |

## ORDER GRANTING UNOPPOSED MOTION TO STAY FEDERAL PROCEEDINGS

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the court is a motion to stay federal proceedings filed by petitioner Ernest R. Wholaver, Jr., a state prisoner sentenced to death following his 2004 convictions for first-degree murder and related charges. (Doc. 4.) Prior to filing the instant motion, petitioner filed a motion for appointment of federal habeas corpus counsel and a stay of execution on January 24, 2011. (Doc. 1.) On January 25, 2011, he filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) The court granted the motions by order dated February 10, 2011, and directed petitioner to file a petition for writ of habeas corpus on or before October 4, 2011. (Doc. 3.) The court also stayed any state proceedings for the execution of petitioner pending disposition of the anticipated habeas petition. (Id.)

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court deemed it appropriate to stay and abey federal habeas proceedings pending the disposition of unexhausted claims in state court. Id. at 277-78. In particular, the Supreme Court held that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Counsel for petitioner asserts that, during the course of investigating, researching, and drafting the federal habeas petition, counsel became aware of a number of compelling claims for relief that have not been exhausted in state courts. Because state remedies may be available, petitioner desires to return to state court prior to the resolution of exhausted federal claims. Respondents' counsel, Dauphin County Assistant District Attorney Francis Chardo, does not oppose petitioner's request that these federal proceedings be stayed pending exhaustion of state remedies. (See Doc. 4-1.) In light of Supreme Court precedent, see Rhines v. Weber, supra, and in light of the lack of any opposition to the instant motion, the court concludes that a stay is appropriate. See Pruitt v. Beard, et al., Civ. No. 2:09-CV-01625, Order (E.D. Pa. Oct. 23, 2009) (Gardner, J.); Spotz v. Beard, et al., Civ. No. 3:06-CV-00955, Order (M.D. Pa. Mar. 6, 2009) (Munley, J.); Frey v. Beard, et al., Civ. No. 1:07-CV-00260, Order (M.D. Pa. Feb. 27, 2008) (Conner, J.); Williams v. Beard, et al., Civ. No. 2:06-CV-00026, Order (W.D. Pa. Aug. 24, 2006) (McVerry, J.). However, this stay will be conditioned upon petitioner returning to federal court within thirty (30) days of the conclusion of his state court proceedings. See Rhines, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back") (citing Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir.

2001) (thirty days is a reasonable time interval to give a petitioner to return to federal court following pendency of state court proceedings)); see also Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004).

ACCORDINGLY, this 31st day of August, 2011, it is hereby ORDERED that:

1) Petitioner's motion to stay the federal proceedings (Doc. 4) is GRANTED. Litigation in this habeas corpus proceeding is STAYED pending exhaustion of state court remedies of any unexhausted claims.

2) The stay of execution issued by the court in the order of February 10, 2011 (Doc. 3) shall REMAIN IN EFFECT.

3) Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4) Petitioner shall advise the court in writing regarding the status of his state court proceedings on or before November 28, 2011, and every sixty (60) days thereafter.

5) If petitioner is denied state post-conviction relief, either party shall notify the court within thirty (30) days from the time of final denial and request that the stay of litigation be vacated.

6) The Clerk of Court shall place this matter on the Civil Suspense Docket pending exhaustion of state remedies.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge