IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST WHOLAVER, JR.**, | : | CIVIL ACTION NO. 1:11-CV-164 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | THIS IS A CAPITAL CASE |
| **JOHN E. WETZEL**, *et al.*, | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 28th day of September, 2021, upon consideration of the motion (Doc. 64) for leave to conduct civil discovery by petitioner Ernest Wholaver, Jr., and the parties' respective briefs in support of and in opposition thereto, and for the reasons set forth in the accompanying memorandum of today's date, it is hereby ORDERED that:

1. Wholaver's motion (Doc. 64) is GRANTED to the extent respondents shall, within 30 days of today's date, produce to Wholaver all of the following that are in respondents' possession:

    a. The March 30, 2004 proposal that the Dauphin County Court of Common Pleas ordered court-appointed psychologist Lawrence McCloskey to follow in completing his assessment.

    b. All documents reflecting interactions, discussions, or negotiations between James Meddings and investigating detectives on this case, prosecutors handling this case, or their agents, regarding Meddings' status as a cooperating witness in the investigation or prosecution of Wholaver, or regarding Meddings' status as a cooperating witness in any other law enforcement investigation at the time of or prior to Wholaver's trial.

    c.    All documents reflecting interactions, discussions, or negotiations between James Meddings and federal investigators, federal prosecutors, or their agents in relation to <u>United States v. Meddings</u>, No. 1:03-CR-03 (M.D. Pa.), regarding Meddings' status as a cooperating witness in the investigation or prosecution of Ernest Wholaver, or regarding Meddings' status as a cooperating witness in any other law enforcement investigation at the time of or prior to Wholaver's trial.

    d.    All documents pertaining to visits investigating detectives or prosecutors involved in the prosecution of Wholaver had with James Meddings while he was housed in Dauphin County Prison, including the date of the visit, the length of the visit, and the purpose of the visit.

    e.    All documents provided by respondents or their agents to the Investigation Discovery Channel and/or affiliated groups or individuals involved in the making of the television program entitled "Murders Under the Mistletoe," that would constitute <u>Brady</u> evidence as to Commonwealth witness George Wagner, including any documents that speak to the Commonwealth's identification of Wagner as an alternative suspect in the murders and the basis therefor and any evidence provided to the Investigation Discovery Channel implicating Wagner in the murders.

    f.    All documents relating to Commonwealth witness Robert Marley's cooperation with the narcotics unit of the Attorney General's Office or any other law enforcement agency in 1992, 2003, or any other time prior to or during the prosecution of Wholaver.

    g.    A copy of Robert Marley's informant file maintained by the Attorney General's Office or any other law enforcement agency that interacted with Marley in his capacity as an informant, cooperator, or prosecution witness at any time prior to or during the prosecution of Wholaver.

    h.    A copy of all documents related to Robert Marley's informant activities at any time prior to or during the prosecution of Wholaver contained on the flash drives or CDs that former Commonwealth narcotics agent Ronald Diller testified that he provided, upon his retirement, to his supervisor at the Attorney General's Office, Henry Troutner.

2. Wholaver's motion (Doc. 64) is DENIED to the extent it seeks leave to depose juror Craig Stein.  Wholaver may, within 30 days of the date of this order, submit proposed written interrogatories of Stein for the court's consideration.  See 28 U.S.C. § 2254, Rule 6(b).

3. Wholaver's motion (Doc. 64) is otherwise DENIED.

4. The parties shall promptly meet and confer concerning the limited grant of discovery and determine what, if anything, has already been disclosed, what materials the Commonwealth intends to turn over to Wholaver's counsel, and what, if any, materials must be reviewed by the court *in camera* prior to disclosure.  If a determination is made that certain materials must be reviewed *in camera* prior to disclosure, those materials shall be provided to the court forthwith.

5. The parties shall file a joint report with the court within 30 days of the date of this order, and every 30 days thereafter as necessary, regarding the status of the discovery requests.

6. Wholaver's petition for writ of habeas corpus (Doc. 34) is STAYED pending the outcome of discovery, or until further order of the court.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania