IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST WHOLAVER, | : | CIVIL ACTION NO. 1:11-CV-0164 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| JOHN E. WETZEL, *et al.*, | : | THIS IS A CAPITAL CASE |
| Respondents | : | |

## MEMORANDUM

Petitioner Ernest Wholaver filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to seek relief from his 2004 convictions and death sentences in the Dauphin County Court of Common Pleas. We previously found that Wholaver demonstrated good cause for limited discovery from respondents. (Doc. 73). Respondents now move to discharge their remaining discovery obligations following Shinn v. Ramirez, 142 S. Ct. 1718 (2022), and Williams v. Superintendent Mahanoy SCI, 45 F.4th 713 (3d Cir. 2022). For the reasons that follow, we will deny respondents' motion.

### I.  Factual Background and Procedural History

Wholaver was convicted of three counts of capital murder and related offenses and sentenced to death for the murder of his wife, Jean Wholaver, and his daughters, Victoria and Elizabeth. See Commonwealth v. Wholaver, 903 A.2d 1178, 1181 (Pa. 2006). The Pennsylvania Supreme Court twice affirmed Wholaver's

convictions and death sentences on direct appeal,[1] see Wholaver, 903 A.2d 1178; Commonwealth v. Wholaver, 989 A.2d 883 (Pa. 2010), and the Supreme Court of the United States twice denied *certiorari*, see Wholaver v. Pennsylvania, 549 U.S. 1171 (2007) (mem.); Wholaver v. Pennsylvania, 562 U.S. 933 (2010) (mem.).

Wholaver initiated this federal habeas corpus action in January 2011 by moving for appointment of counsel, a stay of execution, and leave to proceed *in forma pauperis*. We granted his motion, appointed the Capital Habeas Unit of the Federal Community Defender for the Eastern District of Pennsylvania as counsel, and set a schedule for further proceedings. On August 2, 2011, Wholaver filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.*, in the Dauphin County Court of Common Pleas. The PCRA court dismissed Wholaver's *pro se* petition with instructions to appointed counsel to file a counseled PCRA petition on Wholaver's behalf. On August 31, 2011, on appointed counsel's motion, we stayed further proceedings in this court while Wholaver exhausted his state court remedies.

Wholaver filed a counseled PCRA petition in September 2011, raising roughly two dozen claims. The PCRA court dismissed all but four of those claims without an evidentiary hearing, and dismissed the remaining claims after taking evidence over the course of two evidentiary hearings. At various times throughout the PCRA proceedings, Wholaver moved the PCRA court for discovery. The court allowed Wholaver access to two juror questionnaires and ordered the Commonwealth to

---

[1] A second direct appeal was permitted upon *nunc pro tunc* reinstatement of appellate rights previously deemed to have been waived.

turn over all Brady material for, *inter alia*, jailhouse informants Robert Marley, James Meddings, and Steve Stevens; the PCRA court otherwise denied Wholaver's discovery requests.

Wholaver appealed the denial of PCRA relief to the Pennsylvania Supreme Court. While Wholaver's appeal was pending, he protectively filed a petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254, to preserve his statute of limitations. In January 2018, the Pennsylvania Supreme Court affirmed the PCRA court. See Commonwealth v. Wholaver, 177 A.3d 136 (Pa. 2018). Wholaver then filed a successive PCRA petition; the PCRA court dismissed that petition as well, and the Pennsylvania Supreme Court affirmed the PCRA court's decision in May 2020. See Commonwealth v. Wholaver, 234 A.3d 394 (Pa. 2020) (table decision).

Wholaver filed a status report with this court advising that state proceedings had concluded, and we thereafter issued orders lifting the stay and instituting a schedule for discovery motion practice. Wholaver filed a motion for discovery related to six of his claims. (Doc. 64). On September 28, 2021, we issued a memorandum and order granting that motion in part, finding that Wholaver had demonstrated good cause for limited discovery of certain specified categories of evidence. (Docs. 73, 74).

As relevant here, we ordered respondents to produce three categories of documents that would potentially support Wholaver's claims that the Commonwealth failed to disclose evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). The first category pertains to Claim IV, which alleges that the

Commonwealth violated Brady and Napue v. Illinois, 360 U.S. 264 (1959), by failing to disclose the full extent of the cooperation of government witness James Meddings and by failing to correct Meddings' false testimony about the extent of his cooperation. (Doc. 73 at 9-10). We ordered respondents to produce specified documents reflecting interactions, discussions, or negotiations with Meddings regarding his status as a cooperating witness in the prosecution of Wholaver or in any other law enforcement investigation at the time of or prior to Wholaver's trial, as well as documents pertaining to visits between investigators or prosecutors and Meddings while he was housed in Dauphin County Prison. (Doc. 74 ¶¶ 1(b)-(d)).

The second category pertains to Claim V, which alleges that the Commonwealth violated Brady by failing to disclose information concerning its investigation of George Wagner as a potential suspect in the murders. (Doc. 73 at 11-13). Wholaver claims that in May 2017, while the PCRA proceedings were pending, he and his counsel learned that the Investigation Discovery Channel had aired a television program about his case, entitled "Murders Under the Mistletoe." (Id. at 11). According to Wholaver, that program featured individuals involved in the prosecution of his case discussing their investigation into Wagner based on, *inter alia*, rumors of a possible romantic relationship between Wagner and Jean Wholaver. (Id.) We ordered respondents to produce specified documents they or their agents provided to the Investigation Discovery Channel and affiliated groups or individuals involved in the making of the television program that would constitute Brady evidence as to Wagner, including documents that speak to the

4

Commonwealth's identification of Wagner as an alternative suspect in the murders and any evidence implicating him in the murders. (Doc. 74 ¶ 1(e)).

The third category pertains to Claim VI, which alleges that the Commonwealth violated Brady by failing to disclose information that could have been used to impeach jailhouse informant Robert Marley. (Doc. 73 at 13-15). We ordered respondents to produce specified documents relating to Marley's cooperation with any law enforcement agency prior to or during the prosecution of Wholaver. (Doc. 74 ¶¶ 1(f)-(h)).

On August 21, 2022, respondents filed the instant motion, which seeks to discharge their remaining discovery obligations. (Doc. 96). In his brief opposing the motion, Wholaver represents that the only outstanding discovery relates to Wholaver's Brady claims described above. (See Doc. 98 ¶¶ 7-8). Respondents have not disputed that representation. Respondents' motion is now ripe for disposition.[2]

## II. Legal Standard

Rule 6(a) of the Rules Governing § 2254 Cases provides that a judge may, "for good cause," authorize a federal habeas petitioner to conduct discovery. See 28 U.S.C. § 2254 Rule 6(a). Good cause exists when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." See Bracy v. Gramley,

---

[2] Respondents did not file a separate brief in support of their motion as required by Local Rule 7.5. See M.D. PA. L.R. 7.5. We will exercise our discretion to decide the motion rather than deeming it withdrawn because the motion includes the legal authority respondents rely on and Wholaver has filed an opposing brief addressing that authority.

5

520 U.S. 899, 908-09 (1997) (quoting <u>Harris v. Nelson</u>, 394 U.S. 286, 300 (1969)); <u>see also</u> <u>Lee v. Glunt</u>, 667 F.3d 397, 404 (3d Cir. 2012) (citing <u>Williams v. Beard</u>, 637 F.3d 195, 209 (3d Cir. 2011)).  The scope and extent of discovery in a given case are matters vested to the discretion of the district court.  See <u>Bracey</u>, 520 U.S. at 909.

### III.  Discussion

Respondents seek to be excused from their remaining discovery obligations on the ground that "no legitimate ends can be served by further discovery" in this case following <u>Shinn</u>, 142 S. Ct. at 1738-39, and <u>Williams</u>, 45 F.4th at 724.  (<u>See</u> Doc. 97 ¶ 5).  They apparently read these decisions to bar any factual development in federal habeas proceedings through either discovery or an evidentiary hearing.  Our review of <u>Shinn</u> and <u>Williams</u> reveals no such sweeping prohibition.

In <u>Shinn</u>, the Supreme Court of the United States addressed whether federal habeas courts may consider new evidence not developed in state court when a prisoner relies on <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), to establish cause for procedurally defaulting a claim of ineffective assistance of trial counsel.  See <u>Shinn</u>, 142 S. Ct. at 1728.  <u>Martinez</u> held that the negligence of the prisoner's state postconviction counsel can furnish such cause if state postconviction proceedings provide the first opportunity to raise the claim that trial counsel was ineffective.  See <u>Martinez</u>, 566 U.S. at 17.  The issue in <u>Shinn</u> was whether the negligence of postconviction counsel in failing to develop the factual basis of the claim in state court permits a federal habeas court to hold an evidentiary hearing or otherwise

6

consider new evidence without requiring the prisoner to satisfy the "stringent requirements" of 28 U.S.C. § 2254(e)(2).[3] See Shinn, 142 S. Ct. at 1735.

The Supreme Court held that the equitable rule announced in Martinez does not permit a federal court to dispense with § 2254(e)(2)'s narrow limits on considering new evidence. See Shinn, 142 S. Ct. at 1728. Section 2254(e)(2) applies if a prisoner has "failed to develop the factual basis of a claim" in state court. See 28 U.S.C. § 2254(e)(2). The Court reasoned that a prisoner is "at fault" and responsible for failing to develop the record in state court even if that failure is due to the negligence of his state postconviction counsel. See id. at 1734 (quoting Williams v. Taylor, 529 U.S. 420, 432 (2000)). The Court based this conclusion on the rule that a prisoner bears the responsibility for all attorney errors in state postconviction proceedings because there is no constitutional right to counsel in those proceedings. See id. at 1735 (citing Coleman v. Thompson, 501 U.S. 722, 754 (1991),

---

[3] 28 U.S.C. § 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

7

and Davila v. Davis, 137 S. Ct. 2058, 2065 (2017)). Although Martinez recognized an equitable exception to that rule, the Court concluded it had no power to redefine when a prisoner "has failed to develop the factual basis of a claim in State court proceedings" under § 2254(e)(2). See id. at 1736 (quoting 28 U.S.C. § 2254(e)(2)). Thus, the criteria of § 2254(e)(2) must be satisfied before a federal court may hold an evidentiary hearing or otherwise consider new evidence on the merits of a defaulted ineffective assistance of trial counsel claim. See id. at 1738. Moreover, because a Martinez hearing on cause and prejudice would serve no purpose if the evidence developed there could not be considered on the merits of the claim, a federal court may not hold an evidentiary hearing or otherwise consider new evidence to assess cause and prejudice under Martinez. See id. at 1738-39.

In Williams, the United States Court of Appeals for the Third Circuit followed Shinn and held that a prisoner could not develop the facts to support a claim of ineffective assistance of trial counsel in an evidentiary hearing in federal court where his state postconviction counsel had failed to develop the factual basis for the claim in state court. See Williams, 45 F.4th at 720 (citing Shinn, 142 S. Ct. at 1733). The Third Circuit also concluded that Shinn foreclosed the prisoner's argument that he should be allowed to expand the state court record through depositions or other discovery without satisfying the requirements of § 2254(e)(2) because the statute by its terms applies only to an "evidentiary hearing." See id. (citing Shinn, 142 S. Ct. at 1738).

We are not persuaded that either Shinn or Williams require us to excuse respondents from producing the Brady evidence specified in our discovery order.

8

Both Shinn and Williams address the application of § 2254(e)(2) in the context of the Martinez rule, where a prisoner is deemed to be "at fault" for his state postconviction counsel's failure to develop the record in state court. See Shinn, 142 S. Ct. at 1735; Williams, 45 F.4th at 723. Neither decision addresses the completely different issue of the extent of a federal court's authority to direct the government to produce Brady evidence when a prisoner has shown good cause for its discovery under Rule 6(a) of the Rules Governing § 2254 Cases.

We also note that Shinn reaffirmed that a prisoner must satisfy the criteria of § 2254(e)(2) only if he is "'at fault' for the undeveloped record in state court." See Shinn, 142 S. Ct. at 1738 (quoting Williams, 529 U.S. at 432). "If there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements." Williams, 529 U.S. at 437 (quoting 28 U.S.C. § 2254(e)(2)). Diligence for this purpose "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." See id. at 435.

Wholaver claims that any failure to develop the factual basis of his Brady claim in state court is not his fault but instead is due to the Commonwealth's suppression of the Brady evidence. (See Doc. 98 ¶ 16). His discovery motion recounted his unsuccessful efforts to obtain the Brady evidence in state court and from the Commonwealth voluntarily. (See Doc. 64 ¶¶ 4-6, 67-71, 82-84). If Wholaver can show that he was sufficiently diligent in attempting to develop the factual basis

9

of his Brady claims in state court, then § 2254(e)(2) would impose no limitations on our consideration of the Brady evidence we have ordered respondents to produce. See Williams, 529 U.S. at 437.

We cannot assess Wholaver's diligence for purposes of § 2254(e)(2) until respondents have complied with our discovery order and produced any remaining Brady evidence.  At this stage, Wholaver's allegations that he made diligent efforts to obtain undisclosed Brady evidence in state court and that his efforts have been thwarted by the Commonwealth's withholding of that evidence are sufficient to "show reason to believe" that he "may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  See Bracy, 520 U.S. at 908-09 (quoting Harris, 394 U.S. at 300).  Therefore, we perceive no reason to reconsider our decision that Wholaver has shown good cause under Rule 6(a) of the Rules Governing § 2254 Cases for discovery of the documents specified in our September 28, 2021 Order.  (Docs. 73, 74).

### IV.  Conclusion

We are not persuaded that respondents should be excused from their remaining discovery obligations under our September 28, 2021 Order.  (Doc. 74). We will thus deny respondents' motion.  (Doc. 96).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    November 18, 2022